COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


WILLIAM T. PERRY, JR.

MEMORANDUM OPINION[*]
v.        Record No. 2165-03-1                              PER CURIAM
                                                           FEBRUARY 17, 2004
HAMPTON DEPARTMENT OF
 SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

(Stephen K. Smith, on brief), for appellant.

(Lesa J. Yeatts, Deputy City Attorney, on brief), for appellee.

(Carter Phillips, Guardian *ad litem* for the infant child, on brief).


        William T. Perry, Jr. appeals a decision of the trial court terminating his parental rights to

his daughter pursuant to Code § 16.1-283(C)(2).  Perry contends the evidence was insufficient to

support the termination.  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  So viewed, the evidence

established that on May 16, 2000, the Hampton Department of Social Services obtained custody

of Perry's child because the child's mother had failed to provide care necessary for the child's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

healthy growth and development. The child was then four months old, and Perry was incarcerated for possessing drugs and violating probation.

When Perry was released from incarceration in January 2001, the Department prepared a plan that required Perry to complete a non-custodial parenting class, participate in free counseling sessions offered by family services, obtain employment, obtain appropriate housing, sign a release of information allowing a social worker to communicate with Perry's probation officer, maintain regular visitation with his child, and maintain a drug-free lifestyle. Perry failed to meet these goals. Perry never enrolled in the non-custodial parenting class and, because he failed to complete the class, was not eligible for the free counseling from family services. Perry reported to the Department that he obtained employment with a construction company; however, the Department was unable to verify his employment. Perry also failed to sign a release of information allowing the social worker to communicate with his probation officer. Perry visited his child one time, on February 15, 2001. Later, Perry was again incarcerated for drug-related charges. Perry's last contact with the Department was by telephone message on May 16, 2002, but he failed to leave any information about how to contact him.

Perry did not attend the termination hearing, and his attorney did not know his whereabouts at the time of the hearing. The trial judge found that the evidence satisfied the statutory requirements and terminated Perry's parental rights.

ANALYSIS

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, (a) that the termination is in the best interests of the child, (b) that "reasonable and appropriate" services have been offered to help the parent "remedy substantially the conditions which led to or required continuation of the child's foster care placement," and (c) that, despite those services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable

- 2 -

amount of time not to exceed twelve months from the date the child was placed in foster care." Because "'[r]easonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case," Ferguson v. Stafford Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992), we have held that the trial judge "must determine what constitutes reasonable and appropriate efforts given the facts before the court." Id. at 338-39, 417 S.E.2d at 4.

Perry argues that his incarcerations in the early years of his child's life has deprived him of an adequate opportunity to improve his living situation, but he can improve his circumstances in the future. The record supports the judge's findings, however, that the Department advised Perry of the opportunities and services available to him upon his release from incarceration in January 2001. Perry failed to participate in those opportunities and did not provide an explanation for his failure to do so. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the trial judge's finding that the Department presented clear and convincing evidence satisfying the statutory requirements of Code § 16.1-283(C)(2) and establishing that termination of Perry's parental rights was in the child's best interest. Accordingly, we summarily affirm the decision of the trial court.

Affirmed.